UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | *   Crim. No.: 07-242 (RMC) |
| JEROME MERRILL, | * |
| Defendant, | * |

\*     \*     \*     \*     \*     \*     \*

## MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT

Defendant Jerome Merrill, through counsel, respectfully moves this Court pursuant to, Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, to suppress all statements of the defendant. In support of this motion, counsel states the following:

1. Mr. Merrill is before this Honorable Court charged with one count each of Deprivation of Civil Rights Involving the Use of a Deadly Weapon Resulting in Bodily Injury; and Use of a Firearm during and in Relation to the Commission of a Crime of Violence.

2. On or about February 2, 2005, early in the afternoon, an observation post was set up in the unit block of Seaton Place, N.W., where the complaining witness was the subject of a "buy and bust" operation. The Defendant, Jerome Merrill, was part of the arrest team that arrested the complaining witness after the officers in the observation post observed him buying narcotics. The complaining witness alleged that he sustained injuries during and as a result of his arrest.

3.  On or about February 2, 2007, late in the evening, close to the end of his shift, the Defendant, Jerome Merrill, returned to the precinct, where he was questioned about his involvement in the arrest of the aforementioned complaining witness.

4.  Mr. Merrill was not appropriately given his Miranda warnings.

5.  The totality of the circumstances surrounding the custodial interrogation indicate that the statements made by Mr. Merrill were not voluntary and a violation of his due process rights.

**WHEREFORE**, for the reasons set forth in the attached memorandum of points and authorities and any reason that may appear at a hearing on this motion, Mr. Merrill respectfully requests that this Court suppress his statements taken from an involuntary custodial interrogation in violation of his due process rights.

Respectfully Submitted

_____/s/_____
Rudolph Acree, Jr. Esq.
Counsel for Jerome Merrill
1211 Connecticut Avenue
Suite 506
Washington, D.C. 20036
(202) 331-1961

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on this 18th day of December 2007, I caused a true and correct copy of the foregoing Defendant Merrill's Motion To Suppress Statement to be delivered to the parties in this matter via Electronic Case Filing (ECF).

                                                    /s/
                                      Rudolph Acree, Jr. Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Crim. No.: 07-242 (RMC) |
| JEROME MERRILL, | * |
| | * |
| Defendant, | * |
| | * |

\*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT

I.  **All Statements Must Be Suppressed Because They Were Not Voluntary.**

Statements must be suppressed if they are not made voluntarily. The government bears the burden of proving that any statement made by a defendant was voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." See Mincey v. Arizona, 437 U.S. 385, 402 (1978).

Here, the evidence at a hearing will show that Miranda warnings were not appropriately read to Mr. Merrill. An "evaluation of all the circumstances surrounding the interrogation" of Mr. Merrill will show that his statements were not a "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). Accordingly, the statements must be suppressed.

II.  **The Statement Following the Defendant Being Detained Must Be Suppressed Due to Miranda Violations.**

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to a custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been … deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkermer v. McCarty, 468 U.S. 420, 442 (1984)."The term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). See also Dickerson v. United States, 530 U.S. 428 (2000) (affirming Miranda warnings as a constitutional requirement).

In this case Mr. Merrill was, pursuant to a custodial integration was questioned without being appropriately advised of his Miranda rights.

## **CONCLUSION**

Police illegally detained Mr. Merrill and obtained statements as a result of this detainment. Accordingly the statements obtained as a result of Mr. Merrill's custodial interrogation must be suppressed.

                        Respectfully Submitted

                        _____/s/_____  
                        Rudolph Acree, Jr. Esq.  
                        Counsel for Jerome Merrill  
                        1211 Connecticut Avenue, N.W.  
                        Suite 506  
                        Washington D.C. 20036  
                        (202) 331-1961

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | *   **Crim. No.: 07-242 (RMC)** |
| **JEROME MERRILL,** | * |
| | * |
| Defendant, | * |
| | * |
| *     *     * | *     *     *     * |

## ORDER

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Merrill's Motion to Suppress Statements Made will be determined based upon an evidentiary hearing to be hold on ____ day of _____, 2007.

_____
Honorable Judge
United States District Court
