UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>v.   )<br>  )<br>JEROME MERRILL,   )<br>  )<br>　　　Defendant.   )<br>  ) | Criminal Case No. 07-242 (RMC) |

## STANDING ORDER FOR JOINT PRETRIAL STATEMENT[1]

To administer this case in a manner consistent with the highest quality of justice, it is **ORDERED** that, seven calendar days prior to the commencement of trial, the parties file with the Court a Joint Pretrial Statement that meets the criteria set forth below. Non-conforming submissions will not be accepted. The Joint Pretrial Statement shall include:

A.   a neutral statement of the case for the Court to read to prospective jurors;

B.   proposed *voir dire* questions. Standard *voir dire* questions are attached as Appendix I. Counsel are to indicate:

　　1.   the *voir dire* questions on which the parties agree; and

　　2.   the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question;

　　3.   additional proposed questions, with any objections noted below the disputed questions;

---

[1] Effective November 3, 2003 for all criminal cases.

C. <u>a list of proposed jury instructions</u>, followed by the text of each proposed instruction, that indicates:

    1. the instructions on which the parties agree;

    2. the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, supporting legal authority (*e.g.*, *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993));

Proposed instructions may be updated the first day of trial or as needed to reflect the evidence presented at trial. Absent a showing of good cause, no other modifications will be permitted.

D. <u>a list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

E. <u>any motions in limine</u>, with citations to legal authority, that the parties reasonably anticipate will arise at trial, accompanied by any oppositions and replies thereto;

F. <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends to offer during trial (except that if the total number of pages exceeds 25, the exhibits should be submitted in a separate binder);

G. <u>any stipulations</u>, signed by counsel and the defendant(s); and

H. <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

...

The parties must submit to chambers both a printed and an electronic (computer disk) copy of the Joint Pretrial Statement, preferably in WordPerfect format. The jury instructions section should be formatted so that each individual jury instruction begins on a new page. Finally, the printed copy should be three-hole punched, with each of the eight sections separated by labeled tab dividers.

*Failure to comply with this Order will be deemed a waiver of all objections to matters covered by this Order.*

**SO ORDERED.**

Dated: December 20, 2007                               _____/s/_____
                                                                       ROSEMARY M. COLLYER
                                                                       United States District Judge

**APPENDIX I**

*VOIR DIRE*

**UNITED STATES**

v.                                    Case No.

                                      Counsel:     _____

_____                              _____

                                      AUSA:        _____

The Court will conduct the *voir dire* of the jury and will ask, in every case, the questions set forth below. If counsel wish to request that additional questions be asked, counsel must submit the proposed questions in writing.

Before the jury panel arrives, the seats for the alternate jurors will be selected at random. After strikes for cause and peremptory strikes, each side will be allowed one additional strike from among the two alternate jurors chosen at random and jurors numbered 13 and 14. Counsel should show their witnesses to the appropriate rooms and instruct them to answer the telephone when they are called.

At the outset, I will make an introductory statement as follows:

<u>INTRODUCTORY STATEMENT</u>

Ladies and gentlemen, I am Judge Rosemary M. Collyer, and you have been called to this Courtroom for possible selection as jurors in a case entitled ***United States v*** ._____

_____.

1

**APPENDIX I**

Mr/s. _____ is charged with the offense of_____

_____.

The process of jury selection is called the *voir dire* process, and its object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During the *voir dire* process, you will be introduced to all of the participants in the trial and I will ask you two sets of questions. For the first set of questions, if your answer to any question is "yes," please raise your hand and I will call on you to discuss your answer to this question. The second set of questions contains some questions that are more personal. If your answer to any questions in this set of questions is "yes," please write the number of the question on the note card you have been given. At the end you will be called up to discuss your answers to any questions you have listed on the card.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PUBLIC QUESTIONS

1. The defendant has been charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him or her. You are not to consider the indictment as any indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt. The burden of proving

2

**APPENDIX I**

him or her guilty beyond a reasonable doubt rests with the government – the prosecutor – and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence or produce any evidence, or testify. Now, those principles of law will underlie the trial of this case. Is there anyone who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?

2. If it should come to pass after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law – if you are then persuaded by the trial itself that the defendant is guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty. Is there anyone who feels that he or she would be unable to carry out that duty?

3. On the other hand – after you have heard all of the evidence, the arguments of the lawyers, and my instructions in the law – if you then have a reasonable doubt as to the defendant's guilt of the charge, you must vote not guilty. Is there anyone who feels that he or she could not carry out <u>this</u> responsibility?

This is a criminal trial in which Mr/s. _____ is/are charged by indictment with _____. _____

_____(Statement of case)_____

_____.

4. Are any of you familiar with the facts of this case?

5. Do any of you live or work near, or have any special familiarity with, the immediate area where the offense is alleged to have occurred?

**APPENDIX I**

6. The government is represented by Assistant United States Attorney _____, 555 Fourth Street, NW, Room 4112, Washington, DC (stand). Do any of you know Mr/s. _____ in any capacity?

7. The defendant is represented by _____(Name)_____, Esquire, _____ _____(Address)_____ (stand). Do any of you know Mr/s. _____ in any capacity?

8. The defendant's full name is _____. He/she lives at _____ _____, and is employed at _____ _____ (stand). Do any of you know Mr/s. _____ in any capacity?

9. Does any member of the panel know any other member of the panel, for example from work, school, socially, prior jury service or one's neighborhood?

10. Do any members of the jury speak and/or understand the Spanish language?

11. [*Government's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?

12. [*Defendant's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?

13. Are you, or is any member of your immediate family, or any close friends either presently or previously employed by any law enforcement agency? Law enforcement agencies include any police department, in or outside the District, special police officers, prosecutors' offices, U.S. Attorney's Office, D.C. Corporation Counsel, correctional officers, Department of

4

**APPENDIX 1**

Justice, U.S. Marshal's Service, Sheriff's Departments, Internal Revenue Service, U.S. Secret Service, probation office, parole office, D.C. Superior Court, and the U.S. District Court.

14. Are you, or any of your relatives or close friends, currently employed by, or were you or any of your relatives or close friends previously employed by, a criminal defense lawyer, or involved in any way in the defense of a criminal case?

15. Are you, or is any member of your immediate family or close friends either a lawyer or one who studied law in a law school?

16. Has any member of the jury panel ever served on a Grand Jury?

17. Has any member of the jury panel ever served as a juror in a criminal case in a federal court, a District of Columbia court or in a court located in some other state

18. Do any of you now belong, or have you within the past five years belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

BENCH QUESTIONS

A. [*If officers will testify*]  In this case, a police officer will be a witness. Would any of you be inclined to give greater or lesser weight to a police officer's testimony than that of other witnesses simply because s/he is a police officer?

B. Have any or you, any members of your family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's

**APPENDIX I**

Office or the Court, that would make it difficult for you to be a fair or impartial juror in this case?

C. Have any of you, any members of your family, or any close friends been a <u>victim of</u> or a <u>witness to</u> the same or similar type of crime as the crime charged in this case, or has any member of that group been <u>arrested, charged</u> with a crime, or <u>found guilty</u> or gone to jail for the same or a similar type of crime as the one charged in this case?

D. Have any or you, any members of your family, or any close friends been either a victim of, a witness to, or arrested or convicted of <u>any crime</u> that has so affected you that it could interfere with your ability to be fair and impartial in this case?

*[The following questions may also be asked regarding evidence of narcotics.]*

<u>NARCOTICS CASES</u>

E. Evidence may be presented in this case regarding possession of a controlled substance. Do any of you have strong feelings concerning a person's alleged possession of narcotics that would prevent you from keeping an open mind and being fair to both sides?

*[The following questions will also be asked in firearms cases.]*

F. This case involves allegations of possession of a firearm and/or ammunition. Do any of you have strong feelings concerning gun control laws, either favoring or opposing such legislation, or strong feelings concerning a person's alleged possession of firearms or ammunition that would prevent you from keeping an open mind and being fair to both sides?

G. Do any of you feel that the possession of certain types of firearms should be legalized in the

**APPENDIX I**

District of Columbia and, therefore, feel that you would be unable to render a fair and impartial verdict?

H. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

I. I expect this case to take approximately _____ days to try. Does anyone have any pressing commitment that would make sitting on this jury a hardship?

J. Does anyone, due to health problems or medication or the like, feel that he or she cannot sit on this jury?

K. Is there any reason that you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively and impartially in this case?

L. Do any of you have any religious or moral beliefs that would interfere with being a member of this jury?

After all questions have been asked, counsel will be asked to approach the bench. Jurors who answered affirmatively to bench questions will be asked to individually come to the bench to answer these questions. If either counsel desires to have any other juror approach the bench for individual *voir dire*, counsel should inform the Court of his or her request before the individual *voir dire* commences.

7