**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. O7-242 (RMC)** |
| | : | |
| **v.** | : | **JUDGE ROSEMARY M. COLLYER** |
| | : | |
| **JEROME MERRILL** | : | **TRIAL: FEBRUARY 11, 2008** |
| | : | |
| **Defendant.** | | |

**GOVERNMENT'S MOTION FOR**
**DEPOSITION OF A GOVERNMENT WITNESS**

The United States of America, by and through it attorney, the United States Attorney for the District of Columbia, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure, respectfully moves the Court to order that the testimony of Dr. Tracy St. John be taken by deposition and preserved for use at trial. In support of this motion, the Government states the following:

Background

The defendant, a Metropolitan Police Department polcie officer, is charged with depriving Wayne Morris of his civil rights in violation of 18 U.S.C. §242, and the use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924(c). These charges stem from the defendant's actions while he was arresting Wayne Morris on February 11, 2005. At trial, the government will present testimony and evidence that during this arrest, the defendant used excessive force against Mr. Morris by using a firearm to beat Mr. Morris. After Mr. Morris was arrested, he was taken to Greater Southeast Community Hospital. At the hospital, he was treated by Dr. Tracy St. John. Dr. St. John observed two irregularly shaped

1

lacerations on Mr. Morris' head.  The first laceration, located over Mr. Morris' right eye, required four stitches to close.  The second laceration, on the back, right side of Mr. Morris' head, required 3 staples to close.  Mr. Morris told Dr. St. John that an officer had struck him with a handgun. Dr. St. John is expected to testify that she regularly treats patients who have been "pistol-whipped" and that Mr. Morris' injuries were consistent with the type of injury one would expect from being struck by the butt of a gun or some other form of blunt object.

Trial in this matter is currently scheduled for February 11, 2008.  The government has been advised that Dr. St. John will be in Iraq during the trial of this matter.  For the past year, Dr. St. John has been employed by a private company to provide emergency medical services to U.S. troops and other persons who are injured during combat operations or as a result of terrorist attacks in Iraq.  It is, for obvious reasons, very difficult to travel to and from Iraq.  Further, Dr. St. John is not permitted to be out of Iraq for more than 30 days at a time.  Dr. St. John is currently in the United States to attend to family matters including a funeral for a family member, and will remain in the United States until February 2, 2008.

Given the important nature of Dr. St. John's work, and the logistical difficulties she faces traveling to and from Iraq, the government is requesting that the Court authorize a deposition in this matter to occur on or before February 1, 2008.  The parties will arrange a specific time and date for the deposition and the government will obtain a certified court reporter for the deposition.  The government has provided Jencks materials for Dr. St. John to the defense in order to mitigate any prejudice to the defense.  The government has advised the defense that it is requesting a deposition in this matter.

<u>Legal Argument</u>

Rule 15(a) of the Federal Rules of Criminal Procedure provides that:

"A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice."

The decision to grant or deny a motion to depose a prospective witness is within the sound discretion of the trial court.  <u>United States v. Johnpoll</u>, 739 F.2d 702, 708 (2d Cir.), <u>cert. denied</u>, 469 U.S. 1075 (1984).  Although there is no mechanical rule for determining when depositions should be allowed, the generally accepted requirements are that the testimony of the witness is material and the witness will be unavailable.  <u>United States v. Salim</u>, 855 F.2d 944, 948 (2d Cir. 1988); <u>United States v. Sines</u>, 761 F.2d 1434, 1439 (9th Cir. 1985); <u>United States v. Johnpoll</u>, 739 F.2d at 709.  Rule 15, however, does "not require a conclusive showing of 'unavailability' before a deposition can be taken in a criminal case."  <u>United States v. Sines</u>, <u>supra</u>.

The instant case presents exceptional circumstances.  As the medical professional who examined the victim in this case, Dr. St. John is material to the Government's case.  For the reasons stated above, the witness is also unavailable for trial.[1]  The taking of a deposition in this case serves the interests of justice.  It will permit the trial to go forward as scheduled.  It will allow the Government to admit important evidence at trial while ensuring that the defendants'

---

[1] Federal Rule of Evidence 804(a)(5) defines unavailability as being absent from the hearing and the proponent of his statement has been unable to procure his presence by process or other reasonable means.  Unavailability must ordinarily also be established to satisfy the requirements of the Confrontation Clause, which generally does not allow admission of testimony where the defendant is unable to confront the witness at trial.  This rule is not absolute.  The lengths to which the Government must go to produce a witness to establish the witness's unavailability is a question of reasonableness and the government need not make efforts that would be futile.  <u>United States v. Aguilar-Tamayo</u> 300 F.3d 562, 565 (5th Cir. 2002).

Constitutional rights – to confront and cross-examine the witness – are protected.

The government has advised the defense that it will be making this request, and the defense has not indicated that it has any objection to this request.

Conclusion

Exceptional circumstances warrant the taking of a deposition in this case, and doing so serves the interests of justice. Accordingly, the government requests that the Court order that a deposition be taken of Dr. St. John on or before February 1, 2008.


Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:            /s/
_____
John Cummings
Assistant United States Attorney
Member Maryland Bar
555 4th Street, N.W., Room 4838
Washington, DC 20530
(202) 514-7561
john.cummings@usdoj.gov


            /s/
_____
C. Douglas Kern
Ohio # 0072864
Trial Attorney
United States Department of Justice
Civil Rights Division, Criminal Section
601 D St. NW
Washington, DC 20004
(202) 514-3204
 Doug.Kern@usdoj.gov

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. O7-242 (RMC)** |
| | : | |
| **v.** | : | **JUDGE ROSEMARY M. COLLYER** |
| | : | |
| **JEROME MERRILL** | : | **TRIAL: FEBRUARY 11, 2008** |
| | : | |
| **Defendant.** | | |

### ORDER

The Court has before it the government's unopposed Motion for Deposition of a Government Witness. The Court finds that sufficient circumstances exist to warrant the taking of a deposition in this case, and that doing so serves the interests of justice.  Accordingly, the Court hereby orders that a deposition be taken of Dr. Tracy St. John on or before February 1, 2008. The parties shall agree upon a time, date, and place for the deposition, and the deposition shall be recorded and transcribed by a certified court reporter.  The parties shall note any objections on the record during the deposition, and the court will address any such objections prior to trial in this matter.

So ordered, this _____ day of January, 2008.


_____
Judge Rosemary M. Collyer
United States District Court
 For the District of Columbia


cc:    Rudy Acree, Esq.
        AUSA John Cummings, Esq.
        C. Douglas Kern , Esq.