### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Case No. 07-242(RMC)** |
| | ) | |
| **JEROME MERRILL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>JOINT PRETRIAL STATEMENT</u>

Now comes the government, by and through its undersigned counsel, and tenders this Joint Pretrial Statement.

Counsel for defense, Rudy Acree, conferred with counsel for the government, Douglas Kern, on February 4, 2008. Except where noted, counsel for defense concurs with the contents of this statement.

## A. NEUTRAL STATEMENT OF THE CASE

The defendant, Jerome Merrill, is a officer with the Metropolitan Police Department in Washington, DC. On or about February 11, 2005, at approximately 2:00 p.m., the defendant arrested Wayne Morris inside the Seaton Place Market, located at the corner of Seaton Place and North Capitol Street in Northwest Washington, D.C. The defendant arrested Wayne Morris after Wayne Morris sold a quantity of a substance that was later determined to be marijuana to an undercover police officer.[1] During the arrest, Wayne Morris was injured. His injuries included a cut on the back of his head and a cut over his eye. The government alleges that the defendant caused these injuries when he used excessive force against Wayne Morris during the arrest by "pistol-whipping"[2] Mr. Morris, that is, by using his firearm as a club to strike Mr. Morris. Furthermore, the government alleges that, during the arrest, the defendant threatened to pistol-whip Mr. Morris again. The government alleges that there was no legitimate law enforcement purpose for the pistol-whipping or the threat of pistol-whipping. The defendant denies these allegations.

---

[1] Counsel for defense proposes the alternate language: "...sold a quantity of a controlled substance to an undercover police officer."

[2] Counsel for defense objects to the use of the phrase "pistol-whipping," as it may connote a continuous process. Counsel for defense proposes the language: "hitting Mr. Morris with his firearm."

## B. PROPOSED VOIR DIRE QUESTIONS

The government believes that the following proposed voir dire questions are not necessary: 10, E, F, and G.  The government requests that the Court invite to the bench any potential juror who does not answer any questions to ensure that such potential jurors understood the court's instructions and questions.  The government also proposes the following additional voir dire questions:

G1. Has any member of the panel, a member of your immediate family, or a close friend, ever been arrested by a Metropolitan Police Department Officer?

G2. The indictment charges the defendant with a violation of a federal statute, 18 U.S.C. section 242.  This law prohibits government employees, including law enforcement officers, from violating the rights of the people, including prohibiting the use of excessive force.  Does any member of the panel feel that the federal government should not be involved in prosecuting local law enforcement officers in cases involving allegations of the use of unreasonable force?

G3. A law enforcement officer may not use physical force against anyone simply to punish that person because that person has angered the officer in some way.  Do any of you disagree with this principle?

3

G4. One may believe that the job of a law enforcement officer is so difficult, stressful, and important that it is wrong to question the actions of a law enforcement officer by prosecuting them for wrongdoing which occurs in the course of performing their official duties.  Do any of you share this view?

G5. One may believe that it is proper for a law enforcement officer to use excessive force against a suspect for the purpose of making an example of him to other suspects, or to scare other suspects into complying with the officer's future commands.  Does any member of the panel believe that it is proper for a law enforcement officer to use excessive force in order to establish fear and compliance from suspects?

G6. If the United States proves its case against the defendant beyond a reasonable doubt, will any of you hesitate to return a verdict of guilty simply because the defendant is a law enforcement officer?

G7. The victim in this case, Wayne Morris, was being arrested at the time the government alleges that the defendant used excessive force against him.  Do any of you feel that, because Wayne Morris was being arrested, he should not be entitled to the protection of his civil rights, or that because he was being arrested he should receive less protection than the law allows?

G8. During this case, you will be instructed that a firearm can be "used" during a crime of violence even if the firearm is

not discharged.  If the government proves to you beyond a reasonable doubt that the defendant violated 18 U.S.C. sec. 924(c) by using a firearm during the commission of a crime of violence, will any of you hesitate to convict the defendant of that offense, simply because the defendant did not discharge his firearm during the course of the offense?

*Counsel for defense objects to proposed voir dire questions G2, G3, G4, G5, G6, and G7.  Counsel for defense has no voir dire questions to add.*

## C. JURY INSTRUCTIONS

### GENERAL INSTRUCTIONS & DEFINITIONS

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return verdicts as to the defendant's innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty. I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

## FUNCTION OF THE COURT [2.01]

The function of the court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you.  You should consider all the instructions as a whole.  You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## FUNCTION OF THE JURY [2.02]

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence and the credibility of the witnesses. You should determine the facts without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration. The actions of the court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. If you believe I have expressed or intimated any opinion as to the facts, you should ignore it. What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as to a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

## NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]

You are specifically cautioned against permitting the character of any charge itself to affect your minds in arriving at your verdict.  You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

## INDICTMENT NOT EVIDENCE [2.06]

You are reminded that the indictment is not evidence.  An indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial.  You must not use the indictment for any purpose other than informing yourselves of the charges you are to consider.  In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any inference of guilt from it.  The opening statements and closing arguments of counsel are also not evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.

## MULTIPLE COUNTS -- ONE DEFENDANT [2.52]

A separate offense is charged in each of the counts of the indictment which you are to consider.  Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

### STATEMENTS AND QUESTIONS BY COUNSEL [2.05]

The questions put to the witnesses by counsel are likewise not part of the evidence in the case.  If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question.

Finally, anything you may have heard or seen outside this courtroom is not evidence and must be disregarded.

## INADMISSIBLE AND STRICKEN EVIDENCE [2.07]

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been.

If after a question was asked and an answer given by a witness, the court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations.  Likewise, any other matters to which the court has sustained an objection or which the court has ordered you to disregard are not evidence and you must not consider them.

## EVIDENCE IN THE CASE [1.04 and 2.04]

I have instructed you on what you must not consider as evidence. Now I will instruct you as to the evidence that you are to consider. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and the facts stipulated to by the parties. The government and the defendants have stipulated, that is, agreed to, certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven.

Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

**JURY'S RECOLLECTION CONTROLS [2.03]**

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection of the evidence, I instruct you that it is your recollection that should control during your deliberations.

### NOTETAKING [1.02]

During the trial I have permitted those jurors who wanted to do so to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory.  Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory.  The notes are intended to be for the notetaker's own personal use.  At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom.  The clerk will give the notebooks to me and I will destroy your notebooks immediately after the trial.  No one, including myself, will ever look at your notes.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses. That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case: direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

## BURDEN OF PROOF [2.08]

Now I must instruct you on the burden of proof.  Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with each defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt.  This burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

## REASONABLE DOUBT [2.09]

In a criminal case, the government has the burden of proving a defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable.  In criminal cases, such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS [1.11]**

You have heard evidence that Wayne Morris made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.  This earlier statement was brought to your attention to help you in evaluating the believability of the witness.  In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency in judging the credibility of the witness here at trial.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.

## CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charges against a defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of

21

recollection, is not an uncommon experience.  In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters.  You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS** [1.10]

You have heard evidence that certain witnesses made statements on earlier occasions and that those statements may be inconsistent with their testimony here at trial.  These earlier statements were brought to your attention to help you in evaluating the witnesses' believability here in court.  In other words, if on an earlier occasion a witness made a statement that is inconsistent with his testimony in court, you may consider the inconsistency in judging the credibility of the witness.  You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' testimony here.

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME - WITNESS [1.12]**

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence for your consideration in evaluating his or her credibility as a witness. You may consider the prior conviction in connection with your evaluation of the credence to be given the witness's present testimony in court.

## LAW ENFORCEMENT OFFICER'S TESTIMONY [2.26]

A law enforcement officer's testimony should be considered by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because that witness is a law enforcement officer.

## **RIGHT OF DEFENDANT NOT TO TESTIFY** [2.27]

Every defendant in a criminal case has an absolute right not to testify.  Defendant Jerome Merrill has chosen to exercise his right to remain silent.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so.  Most important, you must not draw any inference of guilt from the defendant's decision not to testify.


OR

## **DEFENDANT AS WITNESS** [2.28]


The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

### TRANSCRIPTS OF VIDEO RECORDINGS [2.30]

A videotape containing video and audio of this incident has been received in evidence and played for you.  A transcript of this videotape was furnished for your convenience and guidance as you listened to the videotape to clarify portions of the recording which are difficult to hear, and to help you identify speakers.  However, the videotape is the evidence in the case; although the transcript was available for your use during trial and will be available for your use during deliberations, the transcript is not evidence, it is merely an aid.  If you perceive any variation between the transcript and the videotape, you must be guided solely by the videotape and not by the transcript.  If you cannot determine from the videotape that particular words were spoken, you must disregard the transcript so far as those words are concerned.

## PROOF OF STATE OF MIND [3.02]

Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer a defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by a defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate a defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

**"ON OR ABOUT" PROOF OF [3.07]**

You will note that the indictment charges that some offenses were committed "on or about" a particular date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that a defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

## II. CRIMES CHARGED IN INDICTMENT

### DEPRIVATION OF CIVIL RIGHTS  UNDER COLOR OF LAW

### WHILE USING A DEADLY WEAPON OR RESULTING IN BODILY INJURY

Title 18, United States Code, Section 242, makes it a federal crime or offense for anyone, acting under color of law, to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States.

The defendant can be found guilty of this offense only if the following elements are proved beyond a reasonable doubt.

First: That the defendant acted under color of law;

Second: That the defendant deprived the victim, Wayne Morris, of a right secured or protected by the Constitution or laws of the United States, in this case, the right to be free from the use of unreasonable force;

Third: That the defendant acted willfully; and

Fourth: The victim suffered bodily injury as a result of the defendant's conduct, or, the defendant used or threatened to use a dangerous weapon to assault Wayne Morris.

On the fourth element, the government does not have to prove both that the offense resulted in bodily injury and that a dangerous weapon was used. Proof beyond a reasonable doubt of one of these matters is enough to prove this element. But, in order to return a guilty verdict, all twelve of you must agree

that the same one has been proved.  All of you must agree that the government proved beyond a reasonable doubt that the offense resulted in bodily injury; or, all of you must agree that the government proved beyond a reasonable doubt that the offense involved the use or threatened use of a dangerous weapon to assault Wayne Morris.

## DEFINITION OF "COLOR OF LAW"

Acting "under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency.  It means that the defendant acted in his official capacity or else claimed to do so, even if he abused or misused his power by going beyond the bounds of lawful authority.

Consequently, I instruct you that if you find that at the time of the alleged incident, the defendant was a Metropolitan Police Department Officer, and acted or gave the appearance of acting as a law enforcement officer, then you may find that the defendant was acting under color of law as described in the Indictment.

### PROTECTED RIGHT - FOURTH AMENDMENT

The second element to be proved is that the conduct of the defendant deprived someone present within the United States, including the District of Columbia, of a right secured or protected by the Constitution or laws of the United States.

The specific right that the defendant is charged with violating in this case is Wayne Morris' right to be free from the unreasonable or excessive use of force by a person acting under color of law, pursuant to the Fourth Amendment to the United States Constitution.

The use of force to conduct a seizure is unreasonable if there is no legitimate law enforcement reason to use force or if the force used unreasonably exceeds the need for the use of force. A law enforcement officer may use some degree of force if that force is reasonably necessary to detain or arrest a person, hold an arrested person in custody, or to protect the officer or another from bodily harm. The officer may not, however, use more force than is reasonably necessary to accomplish these purposes.

Force that has no legitimate law enforcement purpose constitutes unreasonable force. A law enforcement officer may not use force to punish, coerce, or seek retribution against a person, nor may an officer use force for the purpose of deterrence. Using force against an unresisting person is

34

unreasonable.

Whether the force used by a law enforcement officer was reasonable must be determined in light of the facts and circumstances confronting the officer, as an ordinary and reasonable officer on the scene would have considered those circumstances.

If, after considering all the circumstances, you find that the defendant subjected Wayne Morris to an unreasonable seizure by using unreasonable force against him, then you may find that the second element of this count is satisfied.

## DEFINITION - WILLFULLY

The word "willfully" as that term is used in the Indictment, or in these instructions, means that the act was committed voluntarily and intentionally, with the specific intent to do something the law forbids.  In this case, it means with the specific intent to deprive Wayne Morris of his right not to be subjected to an unreasonable seizure.

Intent can be proved by circumstantial evidence. Ordinarily, a defendant's state of mind cannot be proved directly because there is no way of directly scrutinizing the workings of another person's mind.  However, a defendant's state of mind can be proven indirectly from the surrounding circumstances.  This includes such things as what the defendant said, what the defendant did, how the defendant acted, whether the defendant's conduct was a knowing violation of state law, and any other facts or circumstances in evidence that show what was in the defendant's mind.  You may also consider the natural and probable results of any acts that a defendant knowingly did, or did not do, and whether it is reasonable to conclude that the defendant intended those results.  In determining a person's intent, you may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done.

A defendant acts willfully if he acts in open defiance or in

reckless disregard of a constitutional requirement.  Reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights.  The defendant need not have been thinking in constitutional terms, and you may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved.  You must, however, find that the defendant intended to do what the Constitution forbids.  If you find that the defendant acted with the intent I have described, it does not matter if they also were motived by some other emotion, such as anger or revenge.  Moreover, the government does not need to show that the acts of the defendant were premeditated or of long duration.  If you find that the defendant knew what he was doing and that he intended what he was doing, and if you find what he did constituted a deprivation of a constitutional right, then you may conclude that the defendant acted with the specific intent to deprive the victim of that right.

**BODILY INJURY OR USE OF A DANGEROUS WEAPON**

Finally, you must decide whether the defendant's conduct resulted in bodily injury to Wayne Morris, or whether the defendant used or threatened to use a dangerous weapon against Wayne Morris.

The government need not prove that the defendant intended to cause bodily injury. The government need only prove that bodily injury -- no matter how slight -- resulted from the defendant's wrongful conduct.

"Bodily injury" means any injury to the body, no matter how temporary, and includes burns, cuts, abrasions, bruises or physical pain.[3]

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain. A firearm, either loaded or unloaded, is a "dangerous weapon."[4]

---

[3] 18 U.S.C. § 831(f)(5) (defining "bodily injury" to mean: "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; © illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary"). See also 18 U.S.C. § 1365(h)(4) (same definition); 18 U.S.C. § 1515(a)(5) (same definition); 18 U.S.C. § 1864(d)(2) (same definition)

[4] McLaughlin v. United States, 476 U.S. 16 (1986)(finding an unloaded handgun was a dangerous weapon under the bank robbery statute in part because it could be used as a bludgeon.)

### USE OF A FIREARM DURING AND IN RELATION TO THE COMMISSION OF A CRIME OF VIOLENCE

Title 18, United States Code, Section 924(c), makes it a Federal crime to use a firearm during and in relation to a crime of violence.

(1)  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed a crime of violence that could be prosecuted in a court of the United States, as charged in Count One.  I hereby instruct you that a deprivation of civil rights involving the use or threatened use of a dangerous weapon, or resulting in bodily injury, is a crime of violence which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly used a firearm to strike Wayne Morris.

(C) Third: That the use of the firearm was during and in relation to the crime charged in Count One.

(2) Now I will give you more detailed instructions on some of these terms.

(A) To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count One.  You may only find the defendant

39

guilty of this count if you find that the defendant used a firearm to strike Wayne Morris.  Mere possession of a firearm is insufficient.

(B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device.  The firearm need not be loaded.

(C) The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count One; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count One, and its presence or involvement cannot be the result of accident or coincidence.

(D) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

### ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the court in the event there is any matter about which you wish to communicate with the court.

### UNANIMITY [2.72]

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, it is necessary that each juror agree to the verdicts.  Your verdicts must be unanimous.  You should feel free, however, to consider and deliberate on the counts in any order that you prefer.  There is no requirement that you consider the charges against the defendants in any particular order, so long as you reach a unanimous verdict on all counts.  A verdict must represent the considered judgment of each juror.  As you know, your verdict on each count must be unanimous.  Each juror must agree on it.  It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous.  On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict.  Remember at all times that you are not partisans; you

are judges of the facts.

## PUNISHMENT NOT RELEVANT [2.74]

The question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**EXHIBITS [2.73]**

I am sending all of the exhibits that have been received in evidence with you as you retire for your deliberations. The exhibits that have been entered into evidence are labeled with letters and numbers. The system of labeling and numbering exhibits is simply to help the parties organize the presentation of the case. You are to attach no particular significance to the system employed to label certain exhibits with letters and numbers or the fact that some exhibits are not in sequence.

## COMMUNICATIONS BETWEEN COURT AND JURY DURING
## JURY'S DELIBERATIONS [2.75]

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present.  Everybody is entitled once you begin your deliberations to know any communications that we have between us.  Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant until after you have reached a unanimous verdict.  This means, for example, that you should never state to the court that the jury is divided 6 to 6, 7 to 5, or 11 to 1, or in any other fashion, whether for conviction or acquittal.

## VERDICT FORM [2.77]

As I indicated earlier, a verdict form for the defendant has been prepared for your convenience.  You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

**FURNISHING JURY WITH A COPY OF INSTRUCTIONS [2.76]**

I have provided you with a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. Although you may refer to any particular portion of the instruction, you are to consider the instructions as a whole, and you may not follow some and ignore others. The fact that you have been provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## COURT PROCEEDINGS DURING DELIBERATIONS

I do like to talk a little bit about how court will convene while you deliberate.  First, during the period of deliberations, we will convene in court each day the same way we have, Monday through Friday, 9:30 a.m. to 5:00 p.m.  You will deliberate at your pace, you decide how much time it takes you to fairly and impartially consider each of the counts that you will be presented on the verdict form.

During the course of that time, we will convene each day at 9:30 a.m. and close at 5:00 p.m.  I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to.  Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock.  You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present.  Nor may you discuss this case anywhere except in the jury room in the presence of all your fellow jurors.  You can't have any separate discussion or deliberations unless all twelve are present.  Once all twelve are present, then your foreperson can say, we can begin the discussions.  And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present.  That's the only rule you really have to follow during the time of

your deliberations.

        As I said, during the time of your deliberations, if I have

a note from you, I'll respond, but I will give counsel an

opportunity to comment on what my response will be before I

respond.  So sometimes there may be some delay in responding to

your note until I get all counsel here and have a hearing on what

I should say to you because they're entitled to know what I am

going to say.

**ALTERNATE JURORS**

Ladies and gentlemen, as you recall, two of you were designated as alternates at the beginning of the trial, however, one juror has been dismissed due to illness.  In a moment I will excuse the one juror in seat number _____ , and I thank you for your participation in this trial.  While the alternate juror will not begin deliberations with the 12 regular jurors, it is possible that you could be called to deliberate at some future time.  Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time.  The court will notify you when the jury has completed its deliberations.  When that occurs, your jury service will be discharged and at that time you will be given further instructions regarding your ability to talk about this case.

**TAKING THE VERDICT**

I would like to talk about one other subject now, and that is when you return to the courtroom with your verdict, the foreperson will bring the verdict form into the courtroom with you.  The marshal, when I ask for it, will take the verdict form from the foreperson and hand it to the deputy clerk.  The deputy clerk will then do what we call publish the verdict.  The deputy clerk will read out loud the verdict that you have entered.  Now, I gave you an instruction in here that you can return a verdict as to any count any time you decide you want to return a verdict if  unanimous.  It's up to you how you want to go through that. But at any point when you have returned a verdict, either full or partial, the verdict would be announced in open court by the deputy clerk reading it.  At that point, just so you know how it works, the clerk will say to the foreman, is that the verdict as just announced?

Any party can ask that the jury be polled on the verdict as just announced.  If there is a request for a poll, I then direct the clerk to poll the jury.  The clerk then says, do each of you agree with the verdict as just announced and will say Juror Number 1.  We just go all down the line until all twelve jurors have been polled.  If anyone says no, my job is easy.  We don't have a unanimous verdict and I ask you to retire to the jury room

and come back when you have a unanimous verdict.  That's all polling the jury is, though, just so you know how the process works when you come back.

## PROPOSED INSTRUCTION

If you find that (Officer Merrill) at the time of the events in question was engaged in making a stop or a detainment for a legitimate police purpose i.e. (some purpose falling within the scope of his duties as a Metropolitan Police Officer); the following standard must apply to your evaluation of his conduct:

A police officer is entitled to use an amount of force that appears necessary under the circumstances to effect a stop or detainment, regardless of whether or not the stop or detainment was lawful. In making and maintaining a stop or detainment, the measure of reasonable force is that which an ordinarily prudent and intelligent person, with the knowledge and in the situation of the officer, would have deemed necessary.

In a case where it is alleged that a police officer deprived an individual of  his civil rights under color of law while using a deadly weapon or resulting in bodily injury and the defense is that the police officer exercised his lawful authority, the government must prove beyond a reasonable doubt either

1)    that at the time the officer used force, he was not making or maintaining a stop or

detainment for lawful police purposes, or

2)    that the officer was making or maintaining a stop or
detainment for lawful police purposes, and the amount
of force used by the officer was excessive, that is,
that the amount of force was more than the amount of
force that an ordinarily prudent and intelligent
person, with the knowledge and in circumstances of the
officer, would have deemed necessary.

*The government objects to this instruction, on the grounds
that it is redundant with the other instructions, and because
discussion of the "lawfulness" of the stop may confuse the jury.*

## D. EXPERT WITNESSES

At this time the government does not intend to call an expert witness.

On Thursday, January 30, 2008, counsel for the defense notified the government of his intention to call an expert witness at the trial of this matter. Although counsel for the defense provided the government with a copy of the expert witness' *curriculum vitae* on January 30, 2008, as of this writing counsel for defense has not provided the government with a synopsis of the expert's proposed testimony. The government expects to receive such a synopsis from the defense very soon. The government is concerned that the expert witness' testimony may impinge impermissibly upon the "ultimate issues" of the trial, but the government cannot assess this problem until it receives the aforementioned synopsis. Thus, the government intends to ask leave of the court for the filing of a late objection to the expert witness' testimony if, upon reviewing the expert witness' proposed testimony, it appears that said testimony will be improper.

### E. MOTIONS IN LIMINE

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.07-242(RMC) |
| | ) | |
| JEROME MERRILL, | ) | |
| | ) | |
| | ) | MOTION IN LIMINE |
| Defendant. | ) | |

The government, by and through its undersigned counsel, respectfully requests that the Court issue an order in limine to restrict references and examination at trial on the issues of the prior acts, including criminal convictions, of the victim of the offenses alleged in the Indictment.  At the time of the events at issue in this case, the victim, Wayne Morris, had been convicted of drug-related offenses under local District of Columbia law.[5] The government anticipates that the defendant may attempt to introduce evidence and refer in examination and argument to these

---

[5] Specifically, it is the government's understanding that Wayne Morris was convicted in February 2001 of Possession with Intent to Distribute Marijuana Within 100 Feet of a School (sentence: one year imprisonment), and in April 2004 of Destroying Property (sentence: 180 days in jail).  In February 2005, as a result of the transaction that immediately preceded this incident, Morris was convicted of Attempt to Distribute Marijuana in Washington, DC (sentence: 18 months imprisonment).  After the incident, in June 2005, Morris was convicted of being a Felon in Possession of a Firearm in Washington, DC (sentence: 60 months imprisonment). Morris has had other arrests that did not result in conviction.

convictions and Morris' subsequent convictions for the purpose of demonstrating that Mr. Morris possessed an aggressive character.

Thus, the government requests that the Court issue an order binding the evidence and statements at trial to the strict limitations that the Federal Rules of Evidence place on the use of character evidence.  Specifically, as discussed below, the government requests that the Court: 1) exclude any evidence of the victim's criminal history other than evidence of convictions for felony offenses and crimes of dishonesty that are not more than ten years old; 2) limit any reference to the victim's prior convictions to the name of the offense, the date of the conviction, and the sentence imposed; and 3) exclude any reference to or evidence of specific acts of allegedly aggressive conduct by the victim other than those directly relevant to the facts of this case.

### DISCUSSION

The Federal Rules of Evidence (particularly Rules 404-05 generally and Rules 607-09 with regard to witnesses) sharply limit the admissibility of character evidence.  Rule 404 sets forth the well-known general prohibition on the use of character evidence to prove that a person acted in a certain way on a specific occasion.  Rule 404(a).  Generally, the Rules strongly discourage the admission of character evidence because:

> [Character evidence] is of slight probative value and
> may be very prejudicial.  It tends to distract the
> trier of fact from the main question of what actually
> happened on a particular occasion.  It subtly permits
> the trier of fact to reward the good man and to punish
> the bad man because of their respective characters
> despite what the evidence in the case shows actually
> happened.

Advisory Committee Notes on Fed. R. Evid. 404.  Consequently,

although the Rules permit the admission of some character

evidence at trial, they place strict limitations on the types of

character evidence that may be considered and the means by which

it may presented at trial.  Additionally, as with any evidence,

character evidence must make the existence of a fact of

consequence to the determination of the case more or less

probable, Fed. R. Evid. 401, and its probative value must be

balanced against the dangers of unfair prejudice, confusion of

issues, misleading the jury, undue delay, waste of time, or

needless presentation of cumulative evidence, Fed. R. Evid. 403.

　At this time, the United States expects that the victim,

Wayne Morris, will testify during the trial of this matter.

Accordingly, the discussion below focuses on the rules that apply

when the victim testifies at trial.

A.    **Rules Governing the Victim as Witness**

Rule 404 creates a narrow exception for evidence of a

pertinent character trait of a witness, under guidelines set

forth in Rules 607-09.  Rule 404(a)(3).  These rules –

particularly Rule 608 – permit the use of character evidence to challenge or support the credibility of a witness.  Fed. R. Evid. 608(a).  This exception applies to all witnesses who testify at trial, including the victim and the defendant, should they choose to testify.  <u>Mason v. Mitchell</u>, 320 F.3d 604, 635-36 (6th Cir. 2003)(a defendant who elects to testify may be impeached like any other witness).

This exception is limited in a number of ways.  Most significant, only evidence relevant to the character trait of truthfulness is permitted.  Rule 608(a).  Additionally, evidence of a witness's propensity to be truthful is not admissible unless the witness's character for truthfulness has been attacked.  Fed. R. Evid. 608(a).

Rule 608 also limits the use of extrinsic evidence to challenge a witness's character for truthfulness.  Fed. R. Evid. 608(b).  While a witness may be cross-examined about prior conduct that is probative of truthfulness, counsel may not offer extrinsic proof of such conduct other than evidence of conviction for a felony, or for an offense involving dishonesty or false statements.  Fed. R. Evid. 608(b) & 609(a)-(b); <u>United States v. Brown</u>, 503 F.Supp.2d 239, 246 (D.D.C. 2007).  Evidence of a prior felony conviction is subject to balancing under Rule 403, and convictions older than ten years and juvenile adjudications are

presumptively inadmissible.  Rule 609(b) & (d).  Furthermore, arrests, charges and other allegations of unlawful acts are not admissible if they did not result in a conviction.  <u>Michelson v. United States</u>, 335 U.S. 469, 482 (1948); <u>Jordan v. Medley</u>, 711 F.2d 211, 218 (D.C. Cir. 1983).  Finally, "[w]hen a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction:  usually the name of the offense, the date of the conviction, and the sentence."  Weinstein's Federal Evidence § 609.20[2] at 609-57-60.

Thus, the only challenge the defendant may raise to the character of the victim under Rules 404(a)(3) and 607-09 pertain to the victim's character for truthfulness.  If the defendant seeks to use a witness as a character witness, that witness may only provide opinion or reputation testimony and only if the defendant first establishes a sufficient foundation for providing opinion and reputation testimony.  The victim may be examined about prior conduct if that conduct is probative of truthfulness, but the defendant may not challenge the victim's truthfulness through testimony or extrinsic evidence of specific instances of conduct (apart from the limited range of prior criminal convictions described in Rule 609).  If the victim testifies, the defendant may not offer evidence of juvenile adjudications,

misdemeanor convictions for crimes that do not involve
dishonesty, nor any evidence of arrests, charges and other
allegations that did not result in a conviction.  Any evidence of
prior convictions should be limited to the name of the offense,
the date of the conviction, and the sentence.

    2.   **Evidence of a Victim's Character**

    The Federal Rules of Evidence sharply constrain the extent
to which the defendant may present character evidence regarding
Wayne Morris, including any prior criminal conduct or other acts.

    Under Rule 404(a)(1), the defendant is limited to character
evidence that relates to a "pertinent character trait" of the
victim.  Thus, to be admissible, evidence for the character trait
in question must be pertinent to the issues before the jury –
that is, whether the victim possesses the trait must make a fact
"of consequence to the determination" of the case more or less
probable.  Fed. R. Evid. 404(a)(1); United States v. Angelini,
678 F.2d 380, 381 (1st Cir. 1982); Brown, id. at 244.

    Since this case focuses on a use of force made during an
arrest, it appears likely that the question of whether the victim
possesses the character trait of "aggressiveness" will arise at
trial.  This trait is not inherently pertinent, however, and may
be inadmissible if the defendant's theory of the case does not
call that trait into question.  For example, should the defendant

deny using force (as seems likely), he would have no basis for
offering evidence of the victim's allegedly aggressive character.
See, e.g., United States v. Tines, 70 F.3d 891, 898-99 (6th Cir.
1995) (excluding evidence of prior prison violence in 18 U.S.C. §
241/242 jail-beating case because guards contended that they were
not present or did not participate in assaults).  Such evidence
may be permissible, however, if the defendant acknowledges and
attempts to justify the conduct alleged in the Indictment by
alleging that the victim possesses an aggressive character.

Should the defendant seek to introduce character evidence
relating to the victim, the defendant is limited to opinion and
reputation testimony.  The defendant may not offer evidence of
specific prior acts of the victim.  Rules 404(b) &  405(a);
Donald v. Wilson, 847 F.2d 1191, 1197 n.6 (6th Cir.
1988)(character evidence should address credibility, rather than
propensities to particular acts), overruled in part on other
grounds by Green v. Bock Laundry Mach. Co., 490 U.S. 504, 525-26
(1989).  Rule 405 expressly limits the use of specific instances
of prior conduct to cases where the pertinent trait is an "an
essential element of a charge, claim, or defense."  Fed. R. Evid.
405(b); see also Perrin v. Anderson, 784 F.2d 1040, 1045 & n.4
(10th Cir. 1986) ("Character is directly in issue in the strict
sense when ... the existence or nonexistence of the character

trait itself determines the rights and liabilities of the parties.") (internal quotation omitted); United States v. Keiser, 57 F.3d 847, 856 (9th Cir. 1995) (explaining that a pertinent character trait is essential to a claim or defense only if "proof, or failure of proof, of the character trait itself actually satisf[ies] an element of the charge, claim or defense."). This limited exception does not apply in this case because the potentially pertinent character traits of the victim are not an essential element of any of the charges set forth in the Indictment, nor are they an essential element of any defense to those charges. See Keiser, 57 F.3d at 852 & 853 n.8 (citing cases that limited defendants to reputation or opinion evidence regarding a victim's alleged aggressive character); see also Wilson, id; United States v. Talamante, 981 F.2d 1153, 1156 (10th Cir. 1992) (affirming exclusion of testimony of victim's prior violent acts to prove the victim was the aggressor in assault case); see also Advisory Committee Notes on Fed. R. Evid. 405 (explaining that proof is limited to reputation and opinion evidence "when character is used circumstantially," and that "evidence of a violent disposition to prove that the person was the aggressor" as an example of circumstantial use of character evidence).

In the District of Columbia, "[i]n a criminal proceeding

charging assault or homicide, evidence of the victim's general reputation for violence, or evidence of specific prior acts of violence by the victim if such acts were known to the defendant, may be used to support the defendant's claim of self-defense." Carmichael v. United States, 363 A.2d 302, 304 (D.C. App. 1976), citing Cooper v. United States, 353 A.2d 696, 700 n.8 (D.C. App. 1976). Thus, in the absence of a claim of self-defense, evidence of the victim's prior specific acts of violence is inadmissible. Moreover, in the absence of evidence that the victim had a general reputation for violence, or that the defendant knew of the victim's allegedly violent acts prior to the incident, evidence of the victim's prior specific acts of violence is inadmissible even if the defendant claims self-defense. Here, the government is not aware of any evidence to suggest that the defendant had any awareness of the victim whatsoever, prior to the incident giving rise to this case.

Additionally, evidence of a pertinent character trait of a victim must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403; United States v. Harris, 491 F.3d 440, 447 (D.C. Cir. 2007); Brown, id. at 246. Character evidence relating to a victim is particularly susceptible to these dangers because of the possibility that such

evidence will suggest a propensity on the part of the victim to commit bad acts.  Such evidence may well encourage jury nullification.  See, e.g., McCormick on Evidence § 193 at 572 (Cleary ed. 1984) (explaining that character evidence relating to a victim is disfavored because "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason.").  Thus, even when a character trait is pertinent, evidence of an adverse trait is frequently excluded pursuant to Rule 403.  See, e.g., Lewis v. Velez, 149 F.R.D. 474, 479-81 (S.D. N.Y. 1993) (in a prison excessive force lawsuit, affirming exclusion of plaintiff-inmate's disciplinary records and assault convictions, as their admission would be a "veiled" attempt to introduce otherwise inadmissible bad acts to show a propensity to commit such acts); United States v. Schatzle, 901 F.2d 252, 256-7 (2d Cir. 1990) (in excessive force trial, affirming exclusion of testimony about victim's involvement in prior altercation because the risk of confusion of issues substantially outweighed the probative value); United States v. Wright, 489 F.2d 1181, 1186 (D.C. Cir. 1973) (upholding exclusion of evidence of robbery victim's sexual orientation in support of claim that victim fabricated robbery allegation because the defendant rejected the victim's advances, because evidence was likely to prejudice jury against the

victim).

Accordingly, any character evidence that the defendant offers in regard to Wayne Morris must be limited to a character trait that is pertinent to issues before the jury. Should the defendant deny the conduct alleged in the Indictment, the defendant may not present evidence for the purpose of demonstrating that the victim had an aggressive character. Should the defendant allege that the victim possessed an aggressive character, the defendant may only present opinion and reputation testimony in support of that allegation. Specific instances of conduct may not be offered as character evidence because the victim's character is not an essential element of the charges against the defendant, nor of any defense to those charges. Moreover, the probative value of any such evidence would be substantially outweighed by the significant risk that such evidence will mislead the jury, confuse the issues, or cause unfair prejudice.

### CONCLUSION

For the foregoing reasons, the government asks for an order that 1) excludes any evidence of the victim's criminal history other than evidence of convictions for felony offenses and crimes of dishonesty that are not more than ten years old; 2) limits any reference to prior convictions to the name of the offense, the

date of the conviction, and the sentence imposed; and 3) excludes

any reference to or evidence of specific acts of allegedly

aggressive conduct by the victim other than those directly

relevant to the facts of this case.


                                    Respectfully submitted,

GRACE CHUNG BECKER                  Jeffrey A. Taylor
Acting Assistant Attorney General   United States Attorney
Civil Rights Division



                                    By:_____/s/ Douglas Kern_____
                                    DOUGLAS KERN
                                    Trial Attorney
                                    Civil Rights Division
                                    601 D St. NW
                                    Washington, DC 20004
                                    (202) 616-3954
                                    Doug.kern@usdoj.gov


                                    _____/s/ John Cummings_____
                                    JOHN CUMMINGS
                                    Assistant United States
                                    Attorney
                                    555 4th St. NW
                                    Washington, DC 20530
                                    John.cummings@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.07-242(RMC) |
| | ) | |
| JEROME MERRILL, | ) | |
| | ) | |
| | ) | [PROPOSED] ORDER |
| Defendant. | ) | |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to the Government's Motion in Limine, and for good cause shown, the following limitations shall apply to evidence at the trial of the above-captioned matter:

1) As it appears that the victim in this matter shall testify, no evidence shall be admitted in regard to the victim's criminal history, other than evidence of convictions for felony offenses and crimes of dishonesty that are not more than ten years old;

2) Any evidence introduced in regard to the victim's criminal history shall be confined to the name of the offense, the date of the conviction, and the sentence imposed; and

3) No evidence or argument shall refer to specific acts of allegedly violent or aggressive conduct by the victim, except in regard to those acts directly relevant to the facts of this case.

By my hand this _____ day of _____, 2008

_____
Judge Rosemary Collyer

69

### F. LIST OF GOVERNMENT EXHIBITS

**Exhibit #    Description**

| | | | | |
|---|---|---|---|---|
| 1 | Medical Records for Wayne Morris | | | |
| 2 | Run Sheet for EMT Treatment for Wayne Morris | | | |
| 3 | Statement by Jerome Merrill | | | |
| 4 | PD-163 prepared by Jerome Merrill | | | |
| 5 | Surveillance Tape from Seaton Market | | | |
| 6 | MPD General Order 901.7 | | | |
| 7 | Title 6A, D.C. Municipal Regulations Section 207 | | | |
| 9 | Photograph - Seaton Market | | | |
| 10 | Photograph - Seaton Market | | | |
| 11 | Photograph - Seaton Market | | | |
| 12 | Photograph - Seaton Market | | | |
| 13 | Photograph - Seaton Market | | | |
| 14 | Photograph - Seaton Market | | | |
| 15 | Photograph - Seaton Market | | | |
| 16 | Photograph - Seaton Market | | | |
| 17 | Photograph - Seaton Market | | | |

As it appears that the total number of pages for these exhibits shall exceed 25, and as the government's exhibits include a videotape and pictures, the government will submit these matters under separate cover.

Owing to circumstances beyond the government's control[6], the government cannot make this separate filing on February 4, 2008. The government begs the pardon of the Court and asks leave to file these materials on February 5, 2008.

---

[6] AUSA John Cummings has been unexpectedly called out of town owing to a death in the family.  Trial Attorney Douglas Kern does not have access to all of the exhibits in question.

### G. Stipulations

At this time the parties have not agreed to any stipulations.

## H. PROPOSED VERDICT FORM

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-242 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JEROME MERRILL | : | |
| | : | |
| Defendant. | : | |

## VERDICT FORM

1.   How do you find the defendant, Jerome Merrill, as to the charge of Deprivation of Civil Rights Under Color of Law Involving Use or Threatened Use of a Dangerous Weapon, or Resulting in Bodily Injury, occurring on or about February 11, 2005?

_____ Not Guilty              _____ Guilty

2.   How do you find the defendant, Jerome Merrill, as to the charge of Using a Firearm During and in Relation to the Commission of a Crime of Violence, occurring on or about February 11, 2005?

_____ Not Guilty              _____ Guilty

Date: _____

Time: _____

_____
Foreperson                                    Juror No.

SUBMITTED: February 4, 2008


Respectfully submitted,

GRACE CHUNG BECKER            Jeffrey A. Taylor
Acting Assistant Attorney General  United States Attorney
Civil Rights Division


                                By:_____**/s/ Douglas Kern**_____
                                DOUGLAS KERN
                                Trial Attorney
                                Civil Rights Division
                                601 D St. NW
                                Washington, DC 20004
                                (202) 616-3954
                                Doug.kern@usdoj.gov


                                _____**/s/ John Cummings**_____
                                JOHN CUMMINGS
                                Assistant United States
                                Attorney
                                555 4th St. NW
                                Washington, DC 20530
                                John.cummings@usdoj.gov