# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-242 (RMC) |
| | ) | |
| | ) | |
| JEROME MERRILL | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**

FEB 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FINAL JURY INSTRUCTIONS

Jury instructions as given by the Court in the above-captioned case.

Date: _14 February 2008_

ROSEMARY M. COLLYER
United States District Judge

1

## JURY INSTRUCTIONS

### GENERAL INSTRUCTIONS & DEFINITIONS

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return verdicts as to the defendant's innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty. I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

## FUNCTION OF THE COURT [2.01]

The function of the court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## FUNCTION OF THE JURY [2.02]

The function of the jury is to determine the facts.  You are the sole and exclusive judges of the facts.  You alone determine the weight, the effect and the value of the evidence and the credibility of the witnesses.  You should determine the facts without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence.  You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration.  The actions of the court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact.  If you believe I have expressed or intimated any opinion as to the facts, you should ignore it.  What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as to a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

3

**NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]**

You are specifically cautioned against permitting the character of any charge itself to affect your minds in arriving at your verdict.  You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

## INDICTMENT NOT EVIDENCE [2.06]

You are reminded that the indictment is not evidence. An indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not use the indictment for any purpose other than informing yourselves of the charges you are to consider. In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any inference of guilt from it. The opening statements and closing arguments of counsel are also not evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties.

## MULTIPLE COUNTS -- ONE DEFENDANT [2.52]

A separate offense is charged in each of the counts of the indictment which you are to consider.  Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

## STATEMENTS AND QUESTIONS BY COUNSEL [2.05]

The questions put to the witnesses by counsel are likewise not part of the evidence in the case.  If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question.

Finally, anything you may have heard or seen outside this courtroom is not evidence and must be disregarded.

## INADMISSIBLE AND STRICKEN EVIDENCE [2.07]

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been.

If after a question was asked and an answer given by a witness, the court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations.  Likewise, any other matters to which the court has sustained an objection or which the court has ordered you to disregard are not evidence and you must not consider them.

## EVIDENCE IN THE CASE [1.04 and 2.04]

I have instructed you on what you must not consider as evidence. Now I will instruct you as to the evidence that you are to consider. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and the facts stipulated to by the parties. The government and the defendants have stipulated, that is, agreed to, certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven.

Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

## JURY'S RECOLLECTION CONTROLS [2.03]

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection of the evidence, I instruct you that it is your recollection that should control during your deliberations.

## NOTETAKING [1.02]

During the trial I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom. The clerk will give the notebooks to me and I will destroy your notebooks immediately after the trial. No one, including myself, will ever look at your notes.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses. That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case: direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.  In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

## BURDEN OF PROOF [2.08]

Now I must instruct you on the burden of proof.  Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with each defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt.  This burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

## REASONABLE DOUBT [2.09]

In a criminal case, the government has the burden of proving a defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable.  In criminal cases, such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS [1.11]**

You have heard evidence that Wayne Morris made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the believability of the witness. In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency in judging the credibility of the witness here at trial.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.

15

## CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charges against a defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of

16

recollection, is not an uncommon experience.  In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters.  You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS** [1.10]

You have heard evidence that certain witnesses made statements on earlier occasions and that those statements may be inconsistent with their testimony here at trial.  These earlier statements were brought to your attention to help you in evaluating the witnesses' believability here in court.  In other words, if on an earlier occasion a witness made a statement that is inconsistent with his testimony in court, you may consider the inconsistency in judging the credibility of the witness.  You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' testimony here.

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME - WITNESS [1.12]**

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime.  A witness's prior criminal conviction is admitted into evidence for your consideration in evaluating his or her credibility as a witness.  You may consider the prior conviction in connection with your evaluation of the credence to be given the witness's present testimony in court.

## LAW ENFORCEMENT OFFICER'S TESTIMONY [2.26]

A law enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because that witness is a law enforcement officer.

## **DEFENDANT AS WITNESS** [2.28]

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

## TRANSCRIPTS OF VIDEO RECORDINGS [2.30]

A videotape containing video and audio of this incident has been received in evidence and played for you.  A transcript of this videotape was furnished for your convenience and guidance as you listened to the videotape to clarify portions of the recording which are difficult to hear, and to help you identify speakers.  However, the videotape is the evidence in the case; although the transcript was available for your use during trial and will be available for your use during deliberations, the transcript is not evidence, it is merely an aid.  If you perceive any variation between the transcript and the videotape, you must be guided solely by the videotape and not by the transcript.  If you cannot determine from the videotape that particular words were spoken, you must disregard the transcript so far as those words are concerned.

## PROOF OF STATE OF MIND [3.02]

Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer a defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by a defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate a defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## "ON OR ABOUT" PROOF OF [3.07]

You will note that the indictment charges that some offenses were committed "on or about" a particular date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that a defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

## II. CRIMES CHARGED IN INDICTMENT

### DEPRIVATION OF CIVIL RIGHTS  UNDER COLOR OF LAW

### WHILE USING A DEADLY WEAPON OR RESULTING IN BODILY INJURY

Title 18, United States Code, Section 242, makes it a federal crime or offense for anyone, acting under color of law, to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States.

The defendant can be found guilty of this offense only if the following elements are proved beyond a reasonable doubt.

First: That the defendant acted under color of law;

Second: That the defendant deprived the victim, Wayne Morris, of a right secured or protected by the Constitution or laws of the United States, in this case, the right to be free from the use of unreasonable force;

Third: That the defendant acted willfully; and

Fourth: The victim suffered bodily injury as a result of the defendant's conduct, or, the defendant used or threatened to use a dangerous weapon to assault Wayne Morris.

On the fourth element, the government does not have to prove both that the offense resulted in bodily injury and that a dangerous weapon was used.  Proof beyond a reasonable doubt of one of these matters is enough to prove this element.  But, in order to return a guilty verdict, all twelve of you must agree

26

that the same one has been proved.  All of you must agree that
the government proved beyond a reasonable doubt that the offense
resulted in bodily injury; or, all of you must agree that the
government proved beyond a reasonable doubt that the offense
involved the use or threatened use of a dangerous weapon to
assault Wayne Morris.

## DEFINITION OF "COLOR OF LAW"

Acting "under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency.  It means that the defendant acted in his official capacity or else claimed to do so, even if he abused or misused his power by going beyond the bounds of lawful authority.

Consequently, I instruct you that if you find that at the time of the alleged incident, the defendant was a Metropolitan Police Department Officer, and acted or gave the appearance of acting as a law enforcement officer, then you may find that the defendant was acting under color of law as described in the Indictment.

## PROTECTED RIGHT - FOURTH AMENDMENT

The second element to be proved is that the conduct of the defendant deprived someone present within the United States, including the District of Columbia, of a right secured or protected by the Constitution or laws of the United States.

The specific right that the defendant is charged with violating in this case is Wayne Morris' right to be free from the unreasonable or excessive use of force by a person acting under color of law, pursuant to the Fourth Amendment to the United States Constitution.

The use of force to conduct a seizure is unreasonable if there is no legitimate law enforcement reason to use force or if the force used unreasonably exceeds the need for the use of force. A law enforcement officer may use some degree of force if that force is reasonably necessary to detain or arrest a person, hold an arrested person in custody, or to protect the officer or another from bodily harm. The officer may not, however, use more force than is reasonably necessary to accomplish these purposes.

Force that has no legitimate law enforcement purpose constitutes unreasonable force. A law enforcement officer may not use force to punish, coerce, or seek retribution against a person, nor may an officer use force for the purpose of deterrence. Using force against an unresisting person is

29

unreasonable.

Whether the force used by a law enforcement officer was reasonable must be determined in light of the facts and circumstances confronting the officer, as an ordinary and reasonable officer on the scene would have considered those circumstances.

If, after considering all the circumstances, you find that the defendant subjected Wayne Morris to an unreasonable seizure by using unreasonable force against him, then you may find that the second element of this count is satisfied.

## DEFINITION - WILLFULLY

The word "willfully" as that term is used in the Indictment, or in these instructions, means that the act was committed voluntarily and intentionally, with the specific intent to do something the law forbids.  In this case, it means with the specific intent to deprive Wayne Morris of his right not to be subjected to an unreasonable seizure.

Intent can be proved by circumstantial evidence. Ordinarily, a defendant's state of mind cannot be proved directly because there is no way of directly scrutinizing the workings of another person's mind.  However, a defendant's state of mind can be proven indirectly from the surrounding circumstances.  This includes such things as what the defendant said, what the defendant did, how the defendant acted, whether the defendant's conduct was a knowing violation of state law, and any other facts or circumstances in evidence that show what was in the defendant's mind.  You may also consider the natural and probable results of any acts that a defendant knowingly did, or did not do, and whether it is reasonable to conclude that the defendant intended those results.  In determining a person's intent, you may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done.

A defendant acts willfully if he acts in open defiance or in

31

reckless disregard of a constitutional requirement. Reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights. The defendant need not have been thinking in constitutional terms, and you may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. You must, however, find that the defendant intended to do what the Constitution forbids. If you find that the defendant acted with the intent I have described, it does not matter if they also were motived by some other emotion, such as anger or revenge. Moreover, the government does not need to show that the acts of the defendant were premeditated or of long duration. If you find that the defendant knew what he was doing and that he intended what he was doing, and if you find what he did constituted a deprivation of a constitutional right, then you may conclude that the defendant acted with the specific intent to deprive the victim of that right.

## BODILY INJURY OR USE OF A DANGEROUS WEAPON

Finally, you must decide whether the defendant's conduct resulted in bodily injury to Wayne Morris, or whether the defendant used or threatened to use a dangerous weapon against Wayne Morris.

The government need not prove that the defendant intended to cause bodily injury. The government need only prove that bodily injury -- no matter how slight -- resulted from the defendant's wrongful conduct.

"Bodily injury" means any injury to the body, no matter how temporary, and includes burns, cuts, abrasions, bruises or physical pain.

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain. A firearm, either loaded or unloaded, is a "dangerous weapon."

33

## USE OF A FIREARM DURING AND IN RELATION TO THE COMMISSION OF A
## CRIME OF VIOLENCE

Title 18, United States Code, Section 924(c), makes it a Federal crime to use a firearm during and in relation to a crime of violence.

(1)  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed a crime of violence that could be prosecuted in a court of the United States, as charged in Count One.  I hereby instruct you that a deprivation of civil rights involving the use or threatened use of a dangerous weapon, or resulting in bodily injury, is a crime of violence which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly used a firearm to strike Wayne Morris.

(C) Third: That the use of the firearm was during and in relation to the crime charged in Count One.

(2) Now I will give you more detailed instructions on some of these terms.

(A) To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count One.  You may only find the defendant

34

guilty of this count if you find that the defendant used a firearm to strike Wayne Morris.  Mere possession of a firearm is insufficient.

(B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device.  The firearm need not be loaded.

(C) The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count One; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count One, and its presence or involvement cannot be the result of accident or coincidence.

(D) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

## ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the court in the event there is any matter about which you wish to communicate with the court.

## UNANIMITY [2.72]

The verdicts must represent the considered judgment of each juror. In order to return verdicts, it is necessary that each juror agree to the verdicts. Your verdicts must be unanimous. You should feel free, however, to consider and deliberate on the counts in any order that you prefer. There is no requirement that you consider the charges against the defendant in any particular order, so long as you reach a unanimous verdict on all counts. A verdict must represent the considered judgment of each juror. As you know, your verdict on each count must be unanimous. Each juror must agree on it. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous. On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict. Remember at all times that you are not partisans; you

37

are judges of the facts.

## PUNISHMENT NOT RELEVANT [2.74]

The question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way.  You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

## EXHIBITS [2.73]

I am sending all of the exhibits that have been received in evidence with you as you retire for your deliberations.  The exhibits that have been entered into evidence are labeled with letters and numbers.  The system of labeling and numbering exhibits is simply to help the parties organize the presentation of the case.  You are to attach no particular significance to the system employed to label certain exhibits with letters and numbers or the fact that some exhibits are not in sequence.

## COMMUNICATIONS BETWEEN COURT AND JURY DURING
## JURY'S DELIBERATIONS [2.75]

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled once you begin your deliberations to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant until after you have reached a unanimous verdict. This means, for example, that you should never state to the court that the jury is divided 6 to 6, 7 to 5, or 11 to 1, or in any other fashion, whether for conviction or acquittal.

**VERDICT FORM [2.77]**

As I indicated earlier, a verdict form for the defendant has been prepared for your convenience.  You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

**FURNISHING JURY WITH A COPY OF INSTRUCTIONS [2.76]**

I have provided you with a written copy of my instructions.
During your deliberations, you may, if you want, refer to these
instructions.  Although you may refer to any particular portion
of the instruction, you are to consider the instructions as a
whole, and you may not follow some and ignore others.  The fact
that you have been provided with a copy of my instructions should
not discourage you from making an inquiry regarding the meaning
of these instructions if necessary.  Please return the
instructions to me when your verdict is rendered.